UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Civil No. 14-227 (PJS/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Mark W. Jones, | **AND ORDER** |
| Defendant. | |

_____

Erin Lindgren for Plaintiff.
Mark Jones, *pro se*, for Defendant.
_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on Plaintiff's motion to compel discovery responses (ECF No. 28), Defendant's motion to dismiss (ECF No. 39), and Plaintiff's motion for an extension of time to complete discovery (ECF No. 47). Defendant's motion to dismiss was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. Order, ECF No. 35. For the reasons set forth below, Plaintiff's motion to compel is **GRANTED in part** and **DENIED in part**, Plaintiff's motion for an extension of time to complete discovery is **GRANTED**, and the Court recommends that Defendant's motion to dismiss be **DENIED**.

### I. FINDINGS OF FACT

The United States alleges that Defendant Mark W. Jones did not timely file federal income tax returns for tax years 1997–2001 and 2003–2006. Compl. ¶ 10, ECF No. 1. According to the United States, in July 2002 Jones sent documents purporting to be returns for tax years 1997–2001 to the IRS. *Id.* ¶ 11. The IRS identified these documents as frivolous because (1) they reported $0.00 for each line of income, despite Jones receiving wage income during each year, and (2) Jones attached to the returns documents stating his belief that he was not personally liable for income taxes

and that wages do not constitute income. *Id.* ¶¶ 12–13.

In July 2002, the IRS assessed frivolous return penalties pursuant to I.R.C. § 6702(a) against Jones for tax years 1997–2000 based on the documents Jones submitted. *Id.* ¶ 14. In June 2004, Jones sent another document purporting to be a return for the 2003 tax year, which the IRS again assessed as frivolous because (1) although Jones reported that he received income for 2003, he did not self-assess any tax due on the income he received, and (2) he included a document stating that he did not believe he was personally liable for income taxes and did not believe that wages constitute income. *Id.* ¶¶ 15–16. Based on these documents, the IRS assessed a frivolous return penalty under I.R.S. § 6702(a) against Jones for the 2003 tax year. *Id.* ¶ 17. Due to Jones's improper tax returns, a delegate of the Secretary of the Treasury made federal income tax assessments, plus assessment of interest and penalties, against Jones for tax years 1997–2001 and 2003–2006. *Id.* ¶ 18.

On January 23, 2014, the United States filed the present case to reduce to judgment the federal income tax and federal civil penalty assessments made against Jones, and to enforce the United States' federal tax liens against Jones's real property in Dakota County, Minnesota. *See generally id.*; *see also* Pl.'s Opp'n Mem. 1, ECF No. 43. An initial pretrial conference was held on August 15, 2014 and a Scheduling Order was issued on August 21, 2014. *See* Minutes, ECF No. 14; Order, ECF No. 15. Pursuant to the Scheduling Order, initial disclosures required by Rule 26(a) were due on or before August 22, 2014 and discovery is to be completed by June 1, 2015. *Id.* at 1.

On October 7, 2014, the United States served discovery requests upon Jones, including interrogatories, requests for admission, and requests for production of documents. Lindgren Decl. ¶ 4, ECF No. 32. On November 10, 2014, Jones served responses to the United States' requests for

admission; he did not, however, provide initial disclosures, answers to interrogatories, or responses to the request for production. *Id.* ¶ 8. Jones terminated the services of his attorney on November 20, 2014, and did not retain substitute counsel. *Id.* ¶ 9. Due to this change, the United States extended Jones's deadline to respond to the United States' discovery requests to December 10, 2014. *Id.* ¶ 10. However, Jones has yet to provide his initial disclosures, answers to interrogatories, or responses to the request for production. *Id.* ¶ 16. The Government now moves to compel these discovery responses. ECF No. 28. In response, Jones moved to dismiss the Complaint due to no jurisdictional authority. ECF No. 39.

## II. STANDARD OF REVIEW

Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto. *See Marine Equip. Mgmt. Co. v. United States*, 4 F.3d 643, 646 (8th Cir. 1993). A federal court has a duty to inquire whether the vital prerequisite of subject matter jurisdiction has been satisfied. *See Bradley v. Am. Postal Workers Union, AFL-CIO*, 962 F.2d 800, 802 n.3 (8th Cir. 1992). When it appears the court lacks jurisdiction, jurisdiction may not be waived. *See Agrashell Inc. v. Hammons Prods. Co.*, 352 F.2d 446, 447 (8th Cir. 1965). The Plaintiff bears the burden of establishing that subject matter jurisdiction is appropriate. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

## III. LEGAL ANALYSIS

The United States filed this action against Jones pursuant to 26 U.S.C. §§ 7401 and 7403. Jones argues that this case should be dismissed because "[t]his declaration of authority is in conflict with C.F.R. Index of Authorities which lists the Bureau of Alcohol Tobacco and Firearms as the

3

regulatory and 'rule making' agency . . . . Congress intended liens and levies to apply exclusively to Alcohol, Tobacco and Firearms." ECF No. 39. Additionally, Jones claims that he has no liability for federal individual income taxes and this case conflicts with Article I, §§ 2 and 9 of the U.S. Constitution. Def.'s Reply Mem. 2, ECF No. 45. In response, the United States claims that Jones's motion to dismiss is frivolous. ECF No. 43 at 4.

**A.      Jones must pay federal taxes on his individual income**

Article I, § 2, cl. 3 of the U.S. Constitution states that "direct Taxes shall be apportioned among the several States which may be included within this Union, according to their respective Numbers." Additionally, Article I, § 9, cl. 4 states: "No Capitation, or other direct, Tax shall be laid, unless in Proportion to the Census or Enumeration herein before directed to be taken." These sections of the Constitution, according to Jones, conflict with the Government's authority under 26 U.S.C. §§ 7401 and 7403 to reduce his alleged tax and penalty liability to judgement. ECF No. 45 at 2. Specifically, Jones argues that "[t]he current Individual Income Tax is unconstitutional because it is a tax on personal property (wages, salaries, dividends[,] etc.) or the income of real property (rents, etc.) therefore [sic], a direct tax which must be apportioned among the several states." *Id.*

The Sixteenth Amendment to the U.S. Constitution states: "The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration." It is well-established that the Sixteenth Amendment authorizes the imposition of an income tax without apportionment among the states. *See Untied States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir. 1993) ("[W]e have rejected, on numerous occasions, the tax-protestor argument that the federal income tax is an unconstitutional direct tax that must be apportioned."). Accordingly, Jones's argument that taxes on income must be

4

apportioned among the states is frivolous.

**B.     This Court has subject-matter jurisdiction**

The United States' Complaint states that this Court has jurisdiction over the case pursuant to 28 U.S.C. §§ 1340, 1345 and 26 U.S.C. §§ 7402 and 7403. All of these statutes establish the Court's jurisdiction over this case. Specifically, Section 1340 provides that federal district courts have original jurisdiction in any civil action arising under laws providing for internal revenue. Section 1345 confers federal jurisdiction over all civil actions commenced by the United States. And Sections 7402 and 7403 outline a federal district court's authority over these types of tax cases. Thus, the Court clearly has jurisdiction over this matter. *See United States v. Kruger*, 923 F.2d 587, 588 (8th Cir. 1991) (finding that a district court had subject matter jurisdiction to entertain suits brought pursuant to 28 U.S.C. §§ 1340, 1345 and 26 U.S.C. § 7402).

Jones appears to argue in his motion and brief that this Court lacks jurisdiction because sections 7401 and 7403 of the tax code pertain only to matters connected to the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). *See* ECF No. 39; ECF No. 45 at 3–4. In support of this assertion, Jones directs this Court to the Code of Federal Regulations' Index of Authorities, which he claims lists the ATF as the regulatory and rulemaking agency for 26 U.S.C. §§ 7401 and 7403. *See* ECF No. 45-4, Ex. 3 . Thus, according to Jones, "Congress intended liens and levies to apply exclusively to Alcohol, Tobacco, and Firearms." ECF No. 39 at 1. This argument is without merit. The provisions of the Internal Revenue Code referenced by Jones do not restrict themselves in any way to only ATF matters. Section 7401 provides that actions to collect or recover taxes must be authorized by the Secretary of the Treasury, and Section 7403 outlines when a civil action to enforce a lien may be filed. None of the plain language of either statute indicates that Congress intended to

limit the statutes to only ATF matters. Additionally, Title 26 of the Code of Federal Regulations, the title related to internal revenue, acknowledges the United States' right to bring an action to enforce a lien or to subject property to payment of a tax. *See* 26 C.F.R. § 301.7403-1. Accordingly, Jones's argument that this Court lacks jurisdiction is frivolous and without merit. *See also In re Angstadt*, No. 91-22044, 1994 WL 455062, at *7–8 (E.D. Pa. Aug. 17, 1994) (rejecting debtor's claim that the tax code pertains only to matters connected to the ATF); *cf. Ryan v. Bilby*, 764 F.2d 1325, 1328 (9th Cir. 1985) ("Like it or not, the Internal Revenue Code is the law . . . ."); *Young v. I.R.S.*, 596 F. Supp. 141, 147 (N.D. Ind. 1984) ("[T]he Secretary of the Treasury has full authority to administer and enforce the Internal Revenue Code . . . and has the power to create an agency to administer and enforce the laws. Pursuant to this legislative grant of authority, the Secretary of the Treasury created the IRS."). It is clear to this Court that it has subject matter jurisdiction over this case. Thus, the Court recommends that Jones's motion to dismiss be denied.

**C.     Motion to Compel Discovery**

Rule 37 of the Federal Rules of Civil Procedure permits a party to move for an order compelling discovery where a party fails to answer an interrogatory, respond to requests for production of documents, or make a disclosure under Rule 26(a). Fed. R. Civ. P. 37(a). It is clear to this Court that Jones has failed to provide initial disclosures and respond to the Government's first set of interrogatories and first request for production of documents by the deadlines required by Rules 26, 33, and 34 of the Federal Rules of Civil Procedure. Rather than providing substantive responses to the Government's requests, Jones has instead relied on similar arguments that he made in support of his motion to dismiss—namely, that income taxes are direct taxes that must be apportioned among the several states and that 26 U.S.C. §§ 7401 and 7403 only apply to the ATF.

*See* Lindgren Decl. Ex. C, ECF No. 32. These responses are not sufficient and, as discussed above, are without merit. Accordingly, the Court orders that Jones must provide adequate and substantive responses to the Government's discovery requests within 14 days of the date of this Order. Responses that rely on Jones's incorrect belief that the tax code does not apply to him personally or that the tax code only applies to the ATF are not sufficient. Jones must provide responses that address the substance of the Government's discovery requests.

### IV. ORDER AND RECOMMENDATION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

A. Plaintiff's motion to compel (ECF No. 28) is **GRANTED in part** and **DENIED in part** as follows:

   1. To the extent Plaintiff seeks the Defendant to provide his initial disclosures as well as substantive responses to Plaintiff's interrogatories and request for production of documents, the motion is **GRANTED**. Defendant must provide such responses within 14 days of the date of this Order.

   2. To the extent Plaintiff seeks costs and fees pursuant to Fed. R. Civ. P. 37(a)(5)(A), the motion is **DENIED**.

B. Plaintiff's motion for an extension of time to complete discovery (ECF No. 47) is **GRANTED**. The Court finds that the United States has shown good cause for extending the discovery period in this case. Accordingly, it is **ORDERED** that the discovery period shall be extended until July 16, 2015.

Additionally, **IT IS HEREBY RECOMMENDED** that Defendant's motion to dismiss (ECF No. 39) be **DENIED**.

DATED: May 14 , 2015                                *s/Franklin L. Noel*
                                                    FRANKLIN L. NOEL
                                                    United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **May 28**, 2015, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by May 28, 2015, a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.