UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Civil No. 14-227 (PJS/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Mark W. Jones, et al., | |
| Defendant. | |

_____

Erin Lindgren for Plaintiff.
Mark Jones, *pro se*, for Defendant.
_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on Plaintiff's motion for summary judgment (ECF No. 55). This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. Order, ECF No. 35. For the reasons set forth below, the Court recommends that Plaintiff's motion for summary judgment be **GRANTED**.

## I. FINDINGS OF FACT

**A.    Defendant's Tax Filing History**

    **1.    Frivolous Filing Penalties for Tax Years 1997 through 2000 and 2003**

On July 14, 2002, Jones filed Form 1040s with the IRS for tax years 1997, 1998, 1999, and 2000, in which he reported $0.00 for each line of income despite having received an income for those years. *Id.* at ¶¶ 7, 9, Exs. 23, 25, 27, and 29. Jones also attached written statements of his belief that he is not liable for income taxes and that wages do not constitute income. *Id.* at ¶ 10. On May 19, 2003, the Secretary of Treasury assessed $500.00 in frivolous filing penalties pursuant to 26 U.S.C. § 6702(a) for tax years 1997, 1998, 1999, and 2000 respectively. *Id.*, Exs. 23, 24, 26, 28, 30. The IRS sent Jones notice of the assessments, which remains unpaid. *Id.* at ¶¶ 12–13.

On June 24, 2004, Jones filed a Form 1040 with the IRS in which he reported receiving income for tax year 2003 but did not self-assess any tax due on the income he received. Instead, he attached a similar statement as before, that he was not liable for income tax and that wages do not constitute income. *Id.* at ¶¶ 24–25. On June 13, 2005, the Secretary of Treasury assessed $500.00 in frivolous filing penalties under 26 U.S.C. § 6702(a) for tax year 2003 and sent Jones notice of the assessment.[1] *Id.*, Ex. 33. Jones has not made the payment. *Id.* at ¶ 28.

### 2. Federal Income Tax Liabilities

The Government has provided documentation that Jones failed to file non-frivolous income tax returns for tax years 1997, 1998, 1999, 2000, 2001, 2003, 2004, 2005, and 2006. ECF No. 59, Exs. 1–4, 9, 11, 13, 15, and 17. Furthermore, the Government has provided documentation that Jones reported that he owed federal income tax for tax years 2007 and 2008 but has not made these payments. *Id.*, Exs. 19 and 21.

#### a. Tax Years 1997 through 2000

In the absence of tax returns filed by Jones for tax years 1997, 1998, 1999, and 2000, the IRS assessed Jones's tax liabilities from information provided to them by Jones's employer and other sources. *Id.* at ¶ 15. On September 26, 2003, the IRS sent Jones notice of his tax liabilities for these tax years. *Id.*, Exs. 5–8. On April 19, 2004, a delegate of the Secretary of the Treasury assessed unpaid income tax against Jones in the amount of $4,072.45 for 1997, $10,719.49 for 1998, $12,072.56 for 1999, and $14,959.45 for 2000.[2] *Id.* at ¶ 17, Ex. 32. Jones was sent notice of his

---

[1] As of June 30, 2015, Jones owes $1,161.45 in penalties for tax year 1997, $884.84 in penalties for tax years 1998, 1999, and 2000 respectively, and $990.81 in penalties for tax year 2003. Decl. ¶ 52, ECF No. 59.

[2] As of June 30, 2015, Jones owes $7,109.00 for 1997, $18,208.86 for 1998,

liabilities and has yet to make these payments. *Id.* at ¶¶ 18–19.

### b. Tax Year 2001

On July 17, 2002, Jones filed a Form 1040 with the IRS reporting that he owed income tax for tax year 2001. *Id.* at ¶ 20, Ex. 9. On November 27, 2006, a delegate of the Secretary of the Treasury assessed that Jones's liability was incorrectly reported and sent Jones notice of the unpaid income tax for tax year 2001 in the amount of $4,974.69.[3] *Id.* at ¶ 21, Ex. 9. Jones has not made this payment. *Id.* at ¶ 23.

### c. Tax Years 2003 through 2006

On August 8, 2005, the IRS sent Jones a letter that they had not received his income tax return for tax year 2003 and had calculated his proposed income tax and penalties from information provided by his employer and other sources. *Id.* at ¶ 31, Ex. 12. On February 27, 2006, a delegate of the Secretary of the Treasury assessed taxes and penalties that Jones owed for tax year 2003 in the amount of $5,629.61. *Id.* at ¶ 32, Ex. 11. Jones was sent notice of the taxes and penalties, which remains unpaid. *Id.* at ¶¶ 33–34.

On March 7, 2008, Jones was sent notice for his failure to file income tax returns for tax years 2004 and 2005, and of the assessed penalties and taxes owed. *Id.* at ¶¶ 35–37, Exs. 13–16. The assessment was for $5,811.18 for tax year 2004, and $8,089.06 for tax year 2005. *Id.*, Exs. 13 and 15. Jones has not made these payments. *Id.* at ¶ 38.

On February 9, 2009 Jones was sent notice for his failure to file income tax returns for tax

---

[3] $20,501.76 for 1999, and 25,312.76 for 2000. Decl. ¶ 52, ECF No. 59.

As of June 30, 2015, Jones owes $10,616.21 for tax year 2001. Decl. ¶ 52, ECF No. 59.

year 2006, and of the assessed penalties and taxes owed in the amount of $7,014.36.[4] *Id.* at ¶¶ 39–41, Exs. 17 and 18. Jones has not made this payment. *Id.* at ¶ 42.

### d.  Tax Years 2007 and 2008

On June 24, 2009, Jones filed two Form 1040s for tax years 2007 and 2008 with the IRS self-reporting that he owed income tax. *Id.* at ¶¶ 43, 47, Exs. 19 and 21. On August 10, 2009, the IRS assessed penalties and Jones's self-reported tax liability for tax years 2007 and 2008 and sent Jones notice for the deficiencies. *Id.* at ¶¶ 44–45, 48–49, Exs. 20 and 22. The assessments were for $5,457.96 for tax year 2007, and $996.40 for tax year 2008. *Id.*, Exs. 20 and 22. Jones has not made these payments. *Id.* at ¶¶ 46, 50.

## B.  The Present Litigation

On January 23, 2014, the United States filed the present case to reduce to judgment the federal income tax and civil penalty assessments made against Jones, and to enforce the United States' federal tax liens against Jones's real property in Dakota County, Minnesota. *See generally* ECF No. 1. An initial pretrial conference was held on August 15, 2014 and a Scheduling Order was issued on August 21, 2014. *See* Minutes, ECF No. 14; Order, ECF No. 15. Pursuant to the Scheduling Order, initial disclosures required by Rule 26(a) were due on or before August 22, 2014 and discovery was to be completed by June 1, 2015. *Id.* at 1.

On October 7, 2014, the United States served discovery requests on Jones, including interrogatories, requests for admission, and requests for production of documents. Lindgren Decl. ¶ 4, ECF No. 32. On November 10, 2014, Jones served responses to the United States' requests for

---

[4] As of June 30, 2015, Jones owes $8,804.21 for tax year 2003, $7,529.00 for tax year 2004, $10,308.71 for tax year 2005, and $9,082.88 for tax year 2006. Decl. ¶ 52, ECF No. 59.

admission; he did not, however, provide initial disclosures, answers to interrogatories, or responses to the requests for production. *Id.* ¶ 8. Jones terminated the services of his attorney on November 20, 2014, and did not retain substitute counsel. *Id.* ¶ 9. Due to this change, the United States extended Jones's deadline to respond to the United States' discovery requests to December 10, 2014. *Id.* ¶ 10. After not receiving any responses to the Government's discovery requests, the Government filed a motion to compel on January 21, 2015. ECF No. 28. The Court granted the Government's motion, and Jones provided responses on May 26, 2015. Lindgren Decl., Ex. 39, ECF No. 58. In response to all of the Government's interrogatories seeking reasons for Jones's contention that he is not liable for the taxes, penalties, and interest assessed against him, Jones stated: "Income taxes are direct taxes and require Apportionment among the several states per the U.S. Constitution [sic] No 'Income' as that term is defined by 5 Supreme Court decisions." *Id.* at 2–6.

The Government filed the present motion for summary judgment on July 10, 2015, seeking the Court to reduce Jones's federal income tax and frivolous-penalty assessments to judgment, declare that the United States has valid and subsisting tax liens against all of Jones's property, and issue an order of sale of Jones's real property in Dakota County, Minnesota. Defendant did not file any documents in opposition to the motion, but he was present at the hearing on August 21, 2015. Minutes, ECF No. 63.

## II. STANDARD OF REVIEW

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there are no genuine disputes of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Larson*, 327 F.3d 762, 767 (8th Cir. 2003). A disputed fact is material only if it might affect the outcome of the case

under the governing substantive law, and a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Khoury v. Grp. Health Plan, Inc.*, 615 F.3d 946, 952 (8th Cir. 2010).

### III. LEGAL ANALYSIS

**A.     Apportionment**

The Court first addresses Plaintiff's argument that the federal income tax must be apportioned. Article I, § 2, cl. 3 of the U.S. Constitution states that "direct Taxes shall be apportioned among the several States which may be included within this Union, according to their respective Numbers." Additionally, Article I, § 9, cl. 4 states: "No Capitation, or other direct, Tax shall be laid, unless in Proportion to the Census or Enumeration herein before directed to be taken."

However, the Sixteenth Amendment to the U.S. Constitution states: "The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration." It is well-established that the Sixteenth Amendment authorizes the imposition of an income tax without apportionment among the states. *See Untied States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir. 1993) ("[W]e have rejected, on numerous occasions, the tax-protestor argument that the federal income tax is an unconstitutional direct tax that must be apportioned."). Accordingly, Jones's argument that taxes on income must be apportioned among the States is frivolous.

**B.     Tax Assessments**

A taxpayer bears the burden of rebutting the presumption that a tax assessment made by the

IRS is correct. *N.D. State Univ. v. United States*, 255 F.3d 599 (8th Cir. 2001). The Court may rely on certificates of assessments and payments as proof of a valid tax assessment absent evidence to the contrary. *Guthrie v. Sawyer*, 970 F.2d 733, (10th Cir. 1992); *see also United States. v. Ahrens*, 530 F.2d 781, 786 (8th Cir. 1976) (validity of contents of IRS forms presumed in the absence of clear evidence to the contrary).

The Government has provided documentation showing that Defendant failed to file federal income tax returns for tax years 1997, 1998, 1999, 2000, 2001, 2003, 2004, 2005, and 2006, despite the fact that he earned taxable income during these years. *See* Smith Decl., ¶¶ 6–42, Exs. 1–19, 23–36, ECF No. 59. Additionally, Defendant filed federal income tax returns and self-reported his federal income tax liabilities for tax years 2007 and 2008, but he has failed to pay those liabilities. ECF No. 59, Exs. 20–22, 35–36. The IRS assessed frivolous filing penalties against Defendant under 26 U.S.C. § 6702(a) after Defendant sent frivolous U.S. Individual Income Tax Returns (Forms 1040) to the IRS for tax years 1997, 1998, 1999, 2000, and 2003. ECF No. 59, Exs. 21, 25, 27, 29, 32. The United States has submitted IRS Certificates of Assessments, Payments, and Other Specified Matters (Forms 4340) for Defendant's assessed tax liabilities and frivolous filing penalties. ECF No. 59, Exs. 1–4, 9, 11, 13, 15, 17, 20, 22, 24, 26, 28, 30, 33.  Defendant has not filed any evidence rebutting those tax assessments. Indeed, the only argument Defendant has asserted in opposition to the Government's tax assessments and penalties is the unfounded belief that the income tax is unconstitutional because it must be apportioned. ECF No. 58 at 2–6. Accordingly, the Court concludes that Defendant has not met his burden to rebut the presumption that the IRS tax assessments are correct.

In deciding whether to grant a motion for summary judgment, the facts are viewed in the

light most favorable to the non-moving party. *Coates v. Powell*, 639 F.3d 471, 475 (8th Cir. 2011). Based on the evidence provided to the Court by both parties, the Court concludes that there are no material facts at issue regarding Defendant's federal income tax liabilities and frivolous filing penalties. Judgment should be entered against Defendant for his federal income tax debts for tax years 1997, 1998, 1999, 2000, 2001, 2003, 2004, 2005, 2006, 2007 and 2008, and for frivolous-filing penalties assessed under 26 U.S.C. § 6702(a) for tax years 1997, 1998, 1999, 2000, and 2003 in the amount of $130,968.59, plus statutory interest, penalties, and additions accruing after June 30, 2015, until the judgment is paid.

**C.     Tax Lien**

If any person liable for federal taxes neglects or refuses to pay them after assessment, notice, and demand, the amount of the unpaid taxes (including interest, penalties, costs, and accruals) "shall be a lien in favor of the United States upon all property and rights to property, whether real or personal," belonging to the person. 26 U.S.C. §§ 6321, 6322. The lien continues to exist until the taxpayer's liability is satisfied or becomes unenforceable due to the lapse of time. 26 U.S.C. § 6322.

The IRS filed notices of the United States' federal tax liens with the Dakota County Recorder on all of Jones's property or property he acquired after the dates of the federal income tax assessments and frivolous filing penalty assessments. ECF No. 59, Exs. 35 and 36. The Court therefore concludes that the United States' federal tax liens attach to all of Jones's property.

In a duly recorded warranty deed dated November 9, 2009, Jones acquired real property in Dakota County described as: "Lot Twenty-seven (27), Block Two (2), Minnesota and Northwestern Addition, according to the recorded plat thereof, and situate in Dakota County, Minnesota." ECF No. 58, Ex. 37. The Court concludes that because Jones owns the Property, the tax liens attach to

the Property as a matter of law under 26 U.S.C. §§ 6321, 6322.

Pursuant to 26 U.S.C. § 7403(c), the United States may bring an action to enforce its tax liens and the Court may decree a sale of the property and order that the proceeds from its sale be distributed to the Government to satisfy its liens. Accordingly, the Property should be sold and the proceeds of sale should be paid to the United States to satisfy or partially satisfy Jones's federal income tax and civil penalty liabilities.

## IV. RECOMMENDATION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's motion for summary judgment be **GRANTED**.

2. The Clerk of Court should enter judgment against Mark W. Jones and in favor of the United States in the amount of $130,968.59, plus statutory interest, penalties, and additions accruing after June 30, 2015, until judgment is paid for Jones's federal income tax debts for tax years 1997, 1998, 1999, 2000, 2001, 2003, 2004, 2005, 2006, 2007, and 2008 and for Jones's frivolous-filing penalties assessed under 26 U.S.C. § 6702(a) for tax years 1997, 1998, 1999, 2000, and 2003.

3. The United States has valid and subsisting federal tax liens on all property and rights to property of Mark W. Jones, and may enforce its liens against Jones's property to attempt to satisfy Jones's federal income tax liabilities

4. The United States' federal tax liens attach to Jones's real property located at 1xx 11th Avenue South, South Saint Paul, MN 55075 ("the Property"), within this judicial district and more particularly described as:
   Lot Twenty-seven (27), Block Two (2), Minnesota and Northwestern Addition, according to the recorded plat thereof, and situate in Dakota County, Minnesota.

5. The United States is authorized to enforce its federal tax liens against Jones's interest in the Property under 26 U.S.C. § 7403(c), so that the proceeds of the sale of the Property may be distributed to the United States to be applied to Jones's outstanding federal income tax liabilities.

6. The IRS shall be authorized to sell the Property, and proceeds of any sale

shall be distributed to the United States to be applied to its tax liens, pursuant to the attached proposed Order of Sale now adopted by this Court.

DATED: October 8, 2015  *s/Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **October 23, 2015**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **October 23, 2015** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.