UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 14-CV-0227 (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| MARK W. JONES and STATE OF MINNESOTA, | |
| Defendants. | |

Erin Lindgren, UNITED STATES DEPARTMENT OF JUSTICE – TAX DIVISION, for plaintiff.

Mark W. Jones, pro se.

This matter is before the Court on defendant Mark Jones's objection to the October 9, 2015 Report and Recommendation ("R&R") of Magistrate Judge Franklin L. Noel.[1] Judge Noel recommends granting the government's motion for summary judgment. The Court has conducted a de novo review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Jones's objection and adopts Judge Noel's R&R.

In his objection, Jones contends that wages are not "income" for purposes of the Sixteenth Amendment to the United States Constitution—an argument that he also

---

[1] The R&R was signed on October 8 and docketed on October 9.

made before Judge Noel. Over 25 years ago, however, the Eighth Circuit described this argument as "frivolous and totally devoid of merit" and held—as every federal court to address the issue has held—that "[i]ncome includes wages or compensation received for services performed . . . ." *Broughton v. United States*, 632 F.2d 706, 707 (8th Cir. 1980) (per curiam).

Jones makes two other arguments in his objection: (1) the government cannot enforce its tax liens against Jones's real property because it has failed to comply with 26 U.S.C. § 6331; and (2) the government should not enforce the liens because it would create an economic hardship for him. Jones did not raise these arguments before Judge Noel, however, and therefore he is precluded from raising them now. *See Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) ("The district court properly refused to consider Ridenour's argument that longer statute of limitations periods applied to his claims because this argument was not presented first to the magistrate judge.").

In any event, as the government points out, this is a lien-foreclosure suit under 26 U.S.C. § 7403. Section 6331, which concerns administrative levies, does not apply to this lawsuit. *See United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 720 (1985) (explaining the distinction between a plenary foreclosure suit under § 7403 and the more limited administrative levy under § 6631). And although the Court sympathizes with Jones's

current situation, the financial and other hardships that he describes do not provide a legal defense to this foreclosure action.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES defendant's objection [ECF No. 65] and ADOPTS the R&R [ECF No. 64].  IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for summary judgment [ECF No. 55] is GRANTED.

2. Plaintiff is entitled to recover against defendant Mark W. Jones the amount of $130,968.59 plus statutory interest, penalties, and additions accruing after June 30, 2015 until judgment is paid.

3. Plaintiff has valid and subsisting federal tax liens on all property and rights to property of Mark W. Jones, and may enforce its liens against Jones's property to attempt to satisfy Jones's federal income-tax liabilities.

4. Plaintiff's federal tax liens attach to Jones's real property located at 115 11th Avenue South, South Saint Paul, MN 55075 ("the Property"), within this judicial district and more particularly described as:

> Lot Twenty-seven (27), Block Two (2),
> Minnesota and Northwestern Addition,
> according to the recorded plat thereof, and
> situate in Dakota County, Minnesota.

5. Plaintiff is authorized to enforce its federal tax liens against Jones's interest in the Property under 26 U.S.C. § 7403(c), so that the proceeds of

the sale of the Property may be distributed to the United States to be applied to Jones's outstanding federal income-tax liabilities.

6. The Internal Revenue Service shall be authorized to sell the Property, and proceeds of any sale shall be distributed to the United States to be applied to its tax liens, pursuant to the attached Order of Sale.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 10, 2015               s/Patrick J. Schiltz
                                       Patrick J. Schiltz
                                       United States District Judge